[Civil No. 4782. Filed April 9, 1945.]

[157 Pac. (2d) 608.]

HARRY E. TASHNER, Petitioner, v. THE INDUS-
TRIAL COMMISSION OF ARIZONA, and RAY
GILBERT, EARL G. ROOKS and FRED E.
EDWARDS, Members and Commissioners of said
The Industrial Commission of Arizona, and A. E.
WENSEL, Defendant Employer, Respondents.

Mr. Leo T. Stack, and Mr. Byron M. Partridge, for Petitioner.

Mr. H. S. McCluskey, and Mr. David P. Jones, for Respondent Industrial Commission.

Mr. C. Leo Guynn, for Defendant Employer.

MORGAN, J.—This is a rather extraordinary case. There is no contest as to the actual facts. Petitioner, a man about 53 years of age, weighing 114 pounds, a painter by profession, was injured while in the employ of the respondent A. E. Wensel, on April 13, 1942. In the process of lifting and moving a 70-pound ladder he lost his balance. In an effort to prevent the ladder from falling on a window at the house, he severely wrenched or strained his back, the immediate effect being a sharp pain in the lower part of his back. He completed his work that day with considerable difficulty. He was bedridden for sometime, and was thereafter

unable to work. It is conceded that since the date of the injury he has not been able to perform any manual labor which entails in any way the use of the back.

The accident was not reported to the commission until August 17, 1942. Later that year a formal claim was filed. Petitioner was awarded compensation totaling $2,102.47 for the period August 17, 1942, to November 29, 1943. During all of the year 1943, up to November 8th, the petitioner was under the care and observation of doctors whose services were paid for by the commission. The only objective symptoms discovered were a very narrow disc space between the vertebral body and base of the sacrum, causing them to be almost in contact, and a condition described as fascitis, an inflammation of the tissues covering the left buttock muscles of a cordlike character. Either of these conditions could have resulted from the trauma (pressure) and strain (tearing) incident to the injury. The subjective symptoms were continual pain and tenderness in the region of the lower vertebrae on the left side and the left buttock. Various tests applied rule out any possibility that petitioner's condition was the result of any disease, infection, constitutional or postural defect. Prior to the accident he had never suffered from backache, had sustained no injury and lost no time. He was not malingering.

On November 8, 1943, the medical advisory board examined the petitioner. They filed a report as of that date finding the medical facts substantially as above set forth. Their conclusion was, "As a result of our examination it is our opinion that any disability he may have suffered as a result of his accident has terminated."

Based upon the opinion of the board, the commission stopped compensation. Petitioner protested. On October 20, 1944, he was given a rehearing. He produced numerous witnesses of unquestioned veracity, several

being ministers, who testified that from the period November 29, 1943, up to the date of rehearing the petitioner continued totally disabled. It is admitted that reports of the commission's own investigators confirmed this fact. The petitioner was without means to employ medical experts to report on his condition. The commission did not have him examined by its own doctors or experts after November 8, 1943.

On November 20, 1944, the commission confirmed its award of the previous year, and found that the petitioner had no disability as a result of his injury from and after November 29, 1943. Through the usual *certiorari* proceedings this award comes before us. This court has uniformly held that where the order or finding of the commission is based on reasonable evidence, it will be upheld. The only evidence in the record which supports the commission's order is the conclusion of the medical board, as made on November 8, 1943. The sole question is, does this conclusion afford reasonable evidence to support the award: If it does not, the case must be reversed and the order set aside.

In the late case of *Hoffman* v. *Brophy*, 61 Ariz. 307, 149 Pac. (2d) 160, we pointed out that the commission was under a statutory duty to determine the extent of industrial disability. Thus, where the medical board made a finding that a man was physically disabled twenty-five per cent, that this did not mean he was disabled only to that extent industrially. Obviously, a twenty-five per cent physical disablement might, and in many cases does, have the effect of preventing the person so disabled from following his usual occupation, or being employed at any manual labor. In such case the injured person would have an industrial disability of one hundred per cent. The Hoffman decision has application here. It is for the commission, not the medical board, to determine whether or not dis-

ability has ceased. The commission should, and must, give due weight and consideration to the opinion of the medical board, but it is not bound by its conclusions, particularly where the conclusions are wholly unsupported by the actual facts, or, as here, contrary to the medical history and findings. It is the medical findings rather than the conclusion which constitute evidence. Obviously, the conclusion or opinion which is counter to the actual facts or findings, and which on the face of the record is illogical and without support, cannot be treated as reasonable evidence.

■ We have carefully read the report of the medical board. As already observed, the various examinations made by competent doctors disclose that petitioner's disablement is not the result of any disease, infection or other natural defect. There was no improvement in his condition; he had the same tenderness; the condition described as fascitis still existed. There is no showing that the narrow disc space between the vertebral body and base of the sacrum had become normal. The petitioner was still disabled. There is nothing to indicate from the record that petitioner's condition was from any cause other than that which might well have resulted from his injury. The report is replete with showings that petitioner's condition was not the result of any disease or other like cause, but there is no finding in the report that his condition was not caused by, or was the result of, the injury. From the board's own report we can find no support for its conclusion and are, therefore, constrained to hold that no reasonable evidence exists in support of the commission's findings.

In fairness to the commission we add that its reliance on the medical board's conclusion may have been induced by misunderstanding of former expressions of this court pertaining to the weight of medical opinion in certain cases. We note that the referee at the re-

hearing called attention repeatedly to the fact that the petitioner had produced no medical evidence. His financial status did not permit him to employ doctors. This, however, should not deprive him from consideration. In the final analysis, it was the commission's right and duty to determine whether or not the petitioner's disability had ceased or was continuing. The decisions which may have caused the commission to follow the conclusion of the medical board to the exclusion of the admitted facts when properly considered have no application to the situation existing in this case.

In *Ison* v. *Western Vegetable Distributors,* 48 Ariz. 104, 59 Pac. (2d) 649, 652, this statement was made:

"Like most cases, where the injury is not an immediate and patent one, such as the loss of a member or a broken limb, the question of causal relation between the accident and the disability depends upon expert medical testimony."

It will be noted that this is not a rule of general application, but it applies in "most cases." In that case the commission had the testimony of two experts who differed as to the causal relation between the accident and the disability. One took the position that the condition of the applicant was a result of the injury. The other ascribed his condition to natural causes wholly unrelated to the injury. There is no such showing or difference of opinion in this case, the findings here being to the effect that the petitioner is suffering from no disease or other natural cause.

We said in *Caekos* v. *Stanley Fruit Co.,* 55 Ariz. 72, 98 Pac. (2d) 471, 472, that where the result of an accident is not clearly apparent the question of causal relation of the accident to the condition of the injured party "can *usually* be answered only by expert medical testimony." This is true. In that case the commis-

sion had many different reports, (1) that the petitioner is suffering from a disease known as myesthenia gravis resulting from his accident, (2) his condition is caused by psychoneurosis arising out of the accident, (3) he is a plain malingerer, (4) it was produced by hypertrophic arthritis, and (5) that it is the result of an intragastric malignant tumor. Each of these opinions was supported by reputable medical testimony. Obviously, such situation does not exist here. The opinion or conclusion of the medical board, as we have already pointed out, is not supported by the medical testimony or findings. Here, stated in the simplest terms, we have a case where a man has been injured. His disablement continues. The medical experts cannot ascribe his disablement to disease or to any natural cause. They do not set out any medical history which would show or tend to show that his condition did not result from his injury. The medical history indicates that whatever disablement he has is a result of injury. It is the only cause existing.

Since, in our judgment, there is no reasonable evidence supporting the findings of the commission, the award is set aside.

STANFORD, C. J., and LaPRADE, J., concur.