203 P.2d 870

**SAFEWAY STORES, Inc., et al. v. GILBERT et al.**

No. 5146.

Supreme Court of Arizona.

March 21, 1949.

Theodore G. McKesson, Thomas P. Riordan and James D. McKesson, all of Phoenix, for petitioners.

Robert R. Yount, of Phoenix (H. S. McCluskey, of Phoenix, of counsel), for respondents.

De CONCINI, Justice.

This case comes to us on a writ of certiorari to review an award of the Industrial Commission of Arizona, hereinafter referred to as the commission, in favor of Marion Allard, claimant, an employee of the Safeway Stores. Petitioners are the Hartford Accident and Indemnity Co., a corporation, insurance carrier and Safeway Stores, Inc., the employer. Respondent is the Industrial Commission of Arizona. The facts are as follows:

Marion Allard, age twenty-eight, weight ninety pounds, mother of two children, was in the employ of Safeway Stores, Inc., almost continuously from October 1943 to April 4, 1947, the date of her injury. Her work was classified as "store clerk" and she, with other women in the store alternated weekly as clerk, cashier and stocking shelves. Among her duties she was obliged to load the dairy case. On April 4, 1947, she loaded three crates of milk on a cart; when she lifted the fourth crate she felt something snap in her back and was unable to complete the job. Each of these crates weighed approximately sixty pounds. The injury occurred on a Friday; she worked off and on until the following Friday when the pain in her back became so intense her doctor ordered her not to return to work.

She was referred to several doctors. Her case was diagnosed as muscle spasm over the lumbar region of the lower back. The medical consultation board for the Industrial Commission on October 17, 1947, reported the general condition and symptoms of her back injury and recommended psychotherapy. Treatment by a psychiatrist followed with very little results. She was discharged by her last doctor on January 31, 1948.

After several hearings and rehearings, the Industrial Commission affirmed its award of $1,183.05 in favor of claimant to date of January 31, 1948. We have three questions to answer on this appeal: (1) Was there an accident? (2) Was there an injury compensable under the Workmen's Compensation Law, A.C.A. 1939, § 56-901 et seq.? (3) Was the commission justified in allowing compensation to claimant while under treatment of a

neuropsychiatrist? All three questions must be answered in the affirmative.

In this case there is sufficient evidence to sustain the commission's finding that claimant suffered an accident as this term has been defined by this court in the following cases: Phelps Dodge Corp. v. DeWitt, 63 Ariz. 379, 162 P.2d 605; Goodyear Aircraft Corp. v. Industrial Comm., 62 Ariz. 398, 158 P.2d 511; Matter of Mitchell, 61 Ariz. 436, 150 P.2d 355. The commission by law is made the fact finding body, each case of course to be determined upon its own peculiar facts.

The doctors' reports and testimony sustain the findings of the Industrial Commission that Marion Allard suffered an injury as a result of the accident.

The only question remaining to be disposed of is whether under the facts of this case the Industrial Commission was justified in allowing compensation to claimant while under treatment of a neuropsychiatrist to whom she was referred by the commission's doctors.

In order to correctly answer this question we must first determine whether or not neurosis is compensable. The authorities are divided, but the great majority hold that neurosis resulting from an injury received while in the course of employment is compensable. Schneider on Workmen's Compensation, volume 1, 2nd edition, pp. 345, 346, citing among other cases In re Hunnewell, 220 Mass. 351, 107 N.E. 934; Horovitz on Workmen's Compensation (1944) p. 75; Honnold on Workmen's Compensation, volume 1, section 95, p. 293; See annotations in 44 A.L.R. page 500 and 86 A.L.R. page 961. Also see, for a case with a similar factual situation, Wareham v. United States Rubber Co., R. I., 54 A.2d 372. The matter has been before this court on at least two occasions. We held: " * * * If the commission had found that respondent's neurosis was caused by an injury sustained in the accident of March 26th, or if the evidence had shown such to be the case, then the award would have been proper. * * *" Phelps Dodge Corp. v. Industrial Commission, 46 Ariz. 162, 49 P.2d 391, 393.

We further held, after citing a long list of cases in support thereof including In re Hunnewell, supra, the following: "We think these cases are justified in reason, and therefore hold that a nervous shock caused by an accident arising out of and in the due course of employment is a compensable 'injury' within the meaning of our statute. Since a shock is a compensable injury, and neurosis is a disease, a hysteria neurosis caused by a shock is a 'disease * * * resulting from the injury.' * * *" American Smelting & Refining Co. v. Industrial Commission, 59 Ariz. 87, 123 P.2d 163, 165.

In the instant case there was more than a "shock"; there actually was "an accident" that produced a "physical injury" from which flowed a "neurosis"

which we hold under the circumstances to be compensable.

 On October 15, 1947, the medical examining board recommended that claimant be referred to a neuropsychiatrist. Among other things it said, "it would be reasonable to assume that she should be considered as temporarily disabled during the period of the above treatment unless otherwise recommended by the neuropsychiatrist." The commission acting on that advice referred claimant to Dr. Z. A. Hurianek, a neuropsychiatrist. On November 24, 1947, Dr. Hurianek transmitted her report dated October 31, 1947 and diagnosed claimant's case as follows: "Psychoneurosis—Conversion Hysteria, chronic, severe. Back Injury."

The doctor's final reports to the commission were February 2nd and 12th, 1948, advising that claimant was discharged January 31, 1948, and among other things she stated as follows:

"Neurological examination now shows hemianesthesia of the right side.

\*     \*     \*     \*     \*     \*

"Her disability is partially due to Conversion Hysteria. The quick disposition of the case is the best therapeutic treatment.

"I am sorry that there has been delay in this report which has been due to illness of the patient as well as in this office."

· We conclude that the commission acted prudently in following the medical board's recommendations. The award is fully sustained by the record in this case.

Award affirmed.

UDALL, STANFORD and PHELPS, JJ., concur.

Note: Due to illness, the CHIEF JUSTICE did not participate in determining this appeal.