258 P.2d 427

**HARMON v. INDUSTRIAL COMMISSION et al.**

No. 5753.

Supreme Court of Arizona.

June 15, 1953.

Robert R. Weaver, Phoenix, for petitioner.

42

Robert W. Pickrell, Phoenix, for respondent Industrial Commission of Arizona.

Perry M. Ling, Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondents.

STANFORD, Chief Justice.

This is a review by certiorari of an award of the Industrial Commission of Arizona denying the petitioner, Thomas A. Harmon, any compensation beyond January 14, 1952 for a back injury he received while employed by defendant Western Cotton Products Co.

The facts show that petitioner was injured on April 4, 1951 by an accident which arose out of and in the course of his employment, in which he suffered a sprain of his lower back.

On May 2, 1951 the commission entered its findings and order and stated that the claimant was entitled to accident benefits and compensation, but that he should make a sincere effort to obtain light work of a nature he was physically capable of handling.

Petitioner was examined by Drs. Bishop, Ketcherside and Moore on May 31, 1951 at the request of the commission. A written report of their findings was submitted to the commission, and we quote from a portion of the "Comments" therein:

"  *  *  *  we are of the opinion that the patient had a sprain of his lower back from which recovery has been delayed because of congenital anomalies as previously described above. In view of his failure to respond to conservative treatment, it is our recommendation that he be fitted with a William's back brace with encouragement regarding an early return to work."

Dr. Ketcherside examined the petitioner after he had been wearing a back brace for a period of two months and reported to the commission that petitioner had noticed no improvement.

Again in August of 1951 the petitioner was examined by Drs. Bishop, Ketcherside and Moore and at that time these men reported that "  *  *  *  the patient is not making a very strenuous effort toward rehabilitation. The physical findings today show very few, if any, objective evidences of disability." These doctors recommended that petitioner do light work for a period of four to six weeks, believing that at the end of that time he would be ready for his regular work, viz., laborer.

On August 25, 1951, Dr. John Green examined petitioner at St. Joseph's Hospital at the request of Dr. Donald Polson. The latter doctor had petitioner admitted to said hospital because of his complaints concerning his back. Dr. Green recommended that petitioner continue wearing the back brace, and suggested it might be necessary later to perform a spinal fusion on petitioner.

In a report to the Industrial Commission, dated October 1, 1951, Dr. Ketcherside admitted he was unable to determine whether petitioner could do light work. He recommended that petitioner be examined by an orthopedic surgeon to determine if any operation would be necessary.

Petitioner, having found no relief for his back, which, it appears, caused him considerable pain at times, sought the advice of Dr. Joseph Madison Greer, a surgeon. Dr. Greer examined the petitioner on December 12 and 14 of 1951, and submitted a report of his findings to the commission. The "Comments" in said report are as follows:

"It is my opinion that this man has a low back disability which is not amenable to conservative treatment. From the physical and X-Ray findings at this time, as well as the history, it is my recommendation that surgical fusion of the lumbosacral spine be done. From the history it is further my opinion that the injuries described have had a definite factor in the causation of the present back disability."

On January 14, 1952, the Medical Advisory Board for the commission examined petitioner and recommended that he was fit for regular employment. Said board reported finding nothing to indicate that a spinal fusion operation would benefit petitioner.

In March, 1952, Dr. Greer filed a report with the commission recommending the need of a spinal fusion operation for petitioner.

The Medical Advisory Board, after having examined petitioner on May 5, 1952, made the same recommendations in its report to the commission as it had in January of that year.

The commission made its findings and award for temporary disability on June 2, 1952, providing that petitioner receive compensation for total temporary disability until January 14, 1952.

Petitioner filed a petition and application for rehearing with the commission on June 16, 1952, based on the findings of Dr. Greer that an operation was necessary, and also because petitioner was then confined to the St. Joseph's hospital for said operation.

July 14, 1952, Dr. Greer, at the request of the commission, submitted a report pertaining to the above-mentioned operation which had been performed July 9, 1952. Said report reads in part as follows:

"July 9, 1952, surgery was performed and a low back fusion was done. An irregular low back was found."

Thereafter, on July 28, 1952, the commission entered its order denying rehearing and affirming previous findings and award. The order further provided that petitioner might apply, within 20 days thereafter, for a rehearing.

Petitioner filed a notice of protest of award with the commission on July 31,

1952 so that the award of July 28th would not become final, and, on August 11, 1952, petitioner filed a petition and application for rehearing. As grounds for said petition, the petitioner alleged that for 22 days since the operation he had had no attacks or pains in his back.

A hearing was held before the commission on October 7, 1952 in response to the last-mentioned petition for rehearing. Doctors Greer, Bishop and Ronald S. Haines, together with the petitioner, were examined by the referee at said hearing, and petitioner was given an opportunity to examine the witnesses.

On November 13, 1952, the commission entered its order affirming the findings and award for temporary disability entered by it on June 2, 1952, and providing that petitioner take nothing by reason of his petition and application for rehearing. It is from this order that this writ of certiorari issued.

Petitioner's first assignment of error states that the commission's findings and award on rehearing are not supported by the evidence for the reason that the opinion of the medical advisory board, as well as that of Drs. Bishop, Ketcherside and Moore to the effect that a spinal fusion operation was not necessary, was rendered nugatory by the uncontradicted evidence presented by petitioner at the hearing held on October 7, 1952, that the spinal fusion operation resulted in almost immediate recovery of petitioner.

The most that can be said in favor of the petitioner after having studied the record is that there existed a conflict in the medical testimony which the commission considered in arriving at its findings. The medical advisory board which examined petitioner on January 14, 1952 and May 5, 1952, concluded each time that a spinal fusion operation was not indicated by their findings and that petitioner was capable of continuing with his usual work. Dr. Greer testified at the hearing held October 7, 1952, as follows:

"A. I think he had a low back sprain and disability from the injury because his history indicates it and it went straight on through his care and treatment. * * *"

Under these circumstances, the commission, as the trier of fact, was at liberty to choose whom to believe. The mere fact that petitioner testified that after the operation he no longer experienced any pain in his back did not require the commission to find that the operation corrected a disability arising from the injury incurred in April of 1951, and completely disregard the findings of the medical board together with those of Drs. Bishop, Ketcherside and Moore.

It is well established in this jurisdiction that where the medical evidence is in conflict, the findings of the commission are binding upon this court. See Fidler v. Industrial Commission, 72 Ariz. 250, 233 P.2d 457; Sarakoff v. Six Companies, Inc.,

48 Ariz. 99, 59 P.2d 302; Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P. 2d 649. Also, from Vol. 4, page 79, N.A. C.C.A. Law Journal, we quote:

"* * *. So long as some medical or other testimony supports the conclusion reached, the appeal court is without power to substitute its own opinion, where the appeal court is limited to law questions and has no power over questions of fact."

Furthermore, we find no reason for insisting that the commission accept the testimony of petitioner as to the existence of the pain in the lower part of his back and reject the testimony of the medical experts who had examined him. In this regard, we quote from a portion of the reasoning set forth by the Louisiana Court of Appeal in the case of McCray v. Yarbrough, 20 So.2d 447, 449:

"It is quite true that symptoms of pain of necessity are subjective in nature, and the existence, vel non, of pain is a fact known with absolute certainty only by the individual who claims to experience pain. However, as a practical proposition, complete faith cannot be accorded to claims of an injured party as to the existence of the pain simply upon the basis of his own testimony, and, for that reason, it is required that such evidence be strengthened by corroborative circumstances and testimony which would lead to an accept-

ance of such claims. We do not find that such necessary support has been produced on behalf of plaintiff in this case. On the contrary, defendant has shown by expert testimony of the highest quality and degree the complete lack of any objective symptoms which would justify a conclusion of disability."

We also quote from our own case of Davidson v. Industrial Commission, 72 Ariz. 314, 235 P.2d 1007, 1009, as follows: "The mere showing that a claimant has not returned to work is not proof of the fact that he cannot work because of a physical disability arising out of an industrial accident."

The above quote answers petitioner's contention that there is ample evidence in the record that he was unable to hold a steady job due to his disability.

While we recognize that there exists a sharp conflict in the medical evidence as to whether petitioner had sufficiently recovered from his disability before the operation was performed on him by Dr. Greer so as to permit him to return to his usual employment, we feel that there is ample evidence to reasonably support the findings of the commission.

Petitioner's second assignment of error alleges that in view of the fact that two of the doctors examined at the hearing held October 7, 1952, testified that petitioner's recovery after the operation was

46

purely psychological, the commission could properly have found that this amounted to a cure of a neurosis. Petitioner cites our case of American Smelting & Refining Co. v. Industrial Commission, 59 Ariz. 87, 123 P.2d 163, as holding that a neurosis caused by an injury in the course of employment is compensable under the Workmen's Compensation Law, A.C.A.1939, § 56–901 et seq. We agree with this construction of the holding in that case but are of the opinion that it is not applicable here.

 In the American Smelting & Refining Co. v. Industrial Comm. case, supra, the evidence showed that the petitioner was injured as a result of a large amount of rock and muck falling upon his shoulders, neck and back as he was performing his duties as a miner. Over a month after this accident occurred petitioner's left arm suddenly became paralyzed. At the time of the hearing before the commission petitioner's left shoulder and arm were practically paralyzed. All the medical evidence presented to the commission pointed to the fact that the paralytic condition was functional and not organic. In that case there was no contention by respondent company that petitioner was fit to return to his work at any time prior to the hearing. In our present case, there is ample evidence that petitioner was physically fit to return to work as early as January 14, 1952, and it was the province of the commission to weigh such evidence. No evidence was presented at the hearing before the com-

mission to the effect that petitioner was unable to work prior to his operation due to a neurosis. We therefore conclude there is no merit to this assignment.

Petitioner's last assignment has been adequately answered by our reasoning herein and needs no further consideration.

Accordingly, the award of the Industrial Commission is affirmed.

PHELPS, LA PRADE, UDALL, and WINDES, JJ., concurring.