98 Ariz. 365 (1965)
405 P.2d 802
Fred CAMMERON, Petitioner,
v.
The INDUSTRIAL COMMISSION of Arizona, and Liberty Trailer Sales, Inc., Respondents.
No. 8239.
Supreme Court of Arizona, In Division.
September 23, 1965.
*367 Robert W. Eppstein, Tucson, for petitioner.
Edgar M. Delaney, Phoenix, for respondents.
UDALL, Justice.
This is a proceeding to review an award of the Industrial Commission denying compensation. The award denied petitioner compensation for the consequences of an injury which he claimed arose out of an industrial accident.
On March 30, 1962, Fred Cammeron, hereinafter referred to as petitioner, received an injury to his back by accident arising out of and in the course of his employment with Liberty Trailer Sales, Inc., of Phoenix, Arizona. The employer was subject to the workmen's compensation laws of this state and was insured with the State Compensation Fund. Petitioner had received other injuries to his back in 1944, 1948, and 1955. On the day of the injury, petitioner was examined and treated by Dr. Erickson of Phoenix who found a hematoma of the L-4-5 area in the back and a tender left knee. After petitioner failed to respond to medical treatment, he consulted with Doctors Haines and Stele, who determined that petitioner's condition was not stationary and his subjective complaints were much greater than the medical findings. The consultants were of the opinion that a neuropsychiatric examination should be obtained before the disposal of the case.
Thereafter the petitioner, at his request, was transferred to Tucson, Arizona, under the care of Dr. R.E. Hastings. Dr. Hastings reported his medical findings and conclusions to the Commission on July 25, 1962 and August 10, 1962, stating in substance that the petitioner has a "clear-cut conversion hysteria," and that there was little evidence of any orthopedic problem. On August 13, 1962, Dr. Lindsay E. Beaton, a neuropsychiatrist, examined the petitioner and concluded: "The man (petitioner) certainly has a conversion reaction and I think the major part of his disability now is due to the psychoneurotic condition."
A consultation examination was made on February 8, 1963 by Doctors Beaton, Hastings and Neumann, and their reported findings and conclusions were as follows:
"In conclusion, it is the opinion of the undersigned examiners that there is no objective evidence of organic disability at this time. His complaints are entirely out of proportion to anything that can be demonstrated on examination. It is felt his complaints are entirely of a functional nature. It should be noted further that his functional disability is not of a treatable nature. No further examinations or treatments are indicated in this case. It is recommended he be referred to the Psychiatric Advisory Board for evaluation as to possible psychiatric disability." [Emphasis added.]
*368 A Psychiatric Advisory Board consultation examination was made in Phoenix on April 26, 1963 by Doctors Duisberg, Neumann, Gregory and Baker. Their report states, in summary, as follows:
"It seems inescapable to conclude that, at a not too conscious level, the patient is motivated to gain recompense for his 1954 injury and, perhaps, his wife's injury, through focusing upon the injury of March 30, 1962. It would seem, of course, to follow that other life-long inadequacies and frustrations which are not adequately dealt with by his character neurosis, also find some compensation through conversion upon the injury of March 30, 1952 [sic]. It would be consensus of the examiners that since there are no demonstrable physical findings to indicate any relationship between the patient's injury of March 22, 1962 [sic] and the present condition of his back, that the patient's disability rests entirely on his character disorder * * *." [Emphasis added.]
Dr. Neumann, a member of the Psychiatric Advisory Board, testified at the September 16, 1963 hearing and was asked by the Referee:
"Q. The record indicated that at the date of the accident he was working, I believe, that at the date of the accident he was working. Is it your testimony at that time he did have a character disorder?
"A. That is right.
"Q. Would it be a fair conclusion that up until the time of the accident the character disorder was not disabling?
"A. Certainly not totally disabling. It was probably limiting his productivity and effort.
"Q. Was it your testimony also that but for the accident he probably would not have the conversion hysteria today or at the time of your last examination?
"A. If it weren't for the accident and weren't for the character disorder, he probably wouldn't have had the conversion hysteria.
"Q. Given the character disorder would he have had the conversion hysteria without the accident?
"A. No, conversion has to be triggered by something in most instances.
"Q. And in this case it was triggered by this accident?
"A. Correct."
Dr. Beaton also testified at the hearing on September 16, 1963, in part, as follows:
"Q. (By petitioner's attorney) From your examination of the patient and from your knowledge of his history and a study of the history in the file, do you have an opinion as to whether the *369 injury of March, 1962, precipitated or triggered the conversion reaction?
"A. Yes, sir.
"Q. What is that opinion?
"A. I believe that it did trigger the conversion reaction."
Petitioner makes two assignments of error: (1) the Commission erred in not making a finding as to the mental as well as the physical disability of the petitioner; (2) the Commission erred in its decision upon Rehearing and Order Affirming Previous Findings and Award, upon the ground that the finding is not sustained by the evidence in the record and is contrary to law.
This Court has repeatedly held neurosis, causally connected with a physical injury received by an employee arising out of and in the course of his employment, is compensable under the Arizona Workmen's Compensation Act. See Sproul v. Industrial Commission, 91 Ariz. 128, 370 P.2d 279 (1962); Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960); Harmon v. Industrial Commission, 76 Ariz. 40, 258 P.2d 427 (1953); Safeway Stores v. Gilbert, 68 Ariz. 202, 203 P.2d 870 (1949); American Smelting and Refining Co. v. Industrial Commission, 59 Ariz. 87, 123 P.2d 163 (1942). We have often said that if the result of an industrial accident is not one which is clearly apparent to a layman, the physical condition of an injured employee after an accident and causal connection of the accident to such condition usually can only be determined by expert medical testimony. Lowry v. Industrial Commission, 92 Ariz. 222, 375 P.2d 572 (1962); Parnau v. Industrial Commission, 87 Ariz. 361, 351 P.2d 643 (1960).
Where the Commission has resolved a conflict in the medical testimony, this Court will not substitute its opinion for that of the Commission. Rahar v. Industrial Commission, 94 Ariz. 170, 382 P.2d 656 (1963); Bishop v. Industrial Commission, 94 Ariz. 65, 381 P.2d 598 (1963). Likewise, the principle is well established that if there is no evidence in the record to support the Commission's findings, it would be the duty of this Court to set them aside. Hobson v. Twentieth Century Fox Film Corp., 71 Ariz. 41, 223 P.2d 399 (1950); King v. Orr, 59 Ariz. 234, 125 P.2d 699 (1942).
When medical opinions, based on matters peculiarly within the realm of scientific knowledge, are uncontroverted, as in the instant case, such opinions cannot be arbitrarily rejected by the Commission. Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960). Yet, we conclude that this is what has been done in this case, for the findings of the Commission are a complete repudiation of the medical evidence in the record. The award arbitrarily disregarded the uncontradicted medical evidence as to the alleged mental disease *370 proximately caused to petitioner by the accident.
The Commission made findings that petitioner received a personal injury from an accident in the course of his employment, but that, on June 11, 1963, had no physical disability resulting from the accident. The findings did not mention mental disability, and although it is not essential under our statute that specific findings of fact be made on every issue which might be involved in a hearing, the findings as made must be of such a nature that they necessarily dispose of all the material issues involved. Sproul v. Industrial Commission, supra; Foster v. Industrial Commission, 46 Ariz. 90, 47 P.2d 428 (1935). Under the facts of this case, the mental disability of the petitioner was a material issue and it was error for the Commission to refuse to make findings pertaining to this issue.
The Commission's position is that it is fully justified in not accepting the medical opinions rendered by Dr. Beaton and Dr. Neumann as to the extent of disability and causal relation, since there is sufficient contradictory testimony to cast doubt on the medical opinions as they were based almost entirely on what the petitioner said about himself. Petitioner's testimony was repeatedly discredited, but this alone does not permit the Commission to arbitrarily disregard medical opinions on matters peculiarly within the realm of medical knowledge. If the Commission believed that it had raised doubts as to the veracity or credibility of petitioner, it had every right to order further psychiatric examination, or to put Mr. Cammeron's testimony before the physicians by a hypothetical question. This, however, was not done by the Commission.
It is sufficient to say there were no conflicting medical opinions or findings relating to the conversion hysteria, and that it was present and disabling at the time of the last examination according to the medical testimony. Where the medical findings are in complete unanimity, even though such findings are based in part on what the patient told the physician, and the injury is one that requires medical testimony to prove, the Commission cannot arbitrarily disregard the medical testimony and render an award contrary to the evidence.
The award must be set aside.
STRUCKMEYER, V.C.J., and BERNSTEIN, J., concur.