545 P.2d 458

**HARBOR INSURANCE COMPANY,**
a corporation, Petitioner,

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**L. J. Jordan, Respondent Employee.**

**No. I CA–IC 1297.**

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 22, 1976.

Rehearing Denied Feb. 26, 1976.

Review Denied March 16, 1976.

John S. Schaper, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Donald J. Morgan, Phoenix, for respondent employee.

## OPINION

NELSON, Presiding Judge.

On August 7, 1973, respondent employee L. J. Jordan (Jordan), sustained an industrial injury to his left knee while working for the employer, Memorial Hospital. The insurance carrier (petitioner) issued a Notice of Claim Status accepting Jordan's claim for the left knee injury only and determining respondent's compensation status. On April 8, 1974 the carrier issued another Notice of Claim Status terminating temporary disability compensation and medical benefits without permanent disability. A timely request for hearing was made and a formal hearing was held. The award of the hearing officer concluded that as a result of the industrial injury, the respondent was now afflicted with rheumatoid arthritis that affects various parts of his body, and that his condition was not stationary. It was thus determined that Jordan was entitled to continuing benefits.

Petitioner presents two issues for review: (1) whether timely objection was made to the carrier's Notice of Claim Status accepting liability for the left knee injury *only* and (2) whether there is substantial evidence to support the award and determination that Jordan has rheumatoid arthritis as the result of an industrial injury.

We agree with the respondent's contention that the hearing officer clearly and properly disposed of the first issue and note, as respondent did in his brief, that the alleged issue was not raised before the hearing officer.

The issue of the reasonableness of the medical evidence to support the determination that the applicant has rheumatoid arthritis as the result of an industrial injury presents a more difficult question. It is axiomatic that an award of the Industrial Commission will not be set aside if there is reasonable evidence to support it, *Micucci v. The Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972), and that conflicts in medical testimony are to be resolved by the hearing officer, *State Compensation Fund v. Keefe*, 22 Ariz.App. 311, 526 P.2d 1266 (1974); *Brewer v. Industrial Commission of Arizona*, 9 Ariz.App. 319, 451 P.2d 897 (1969).

Petitioner contends that the medical testimony upon which the award is founded is insubstantial, equivocal, and not expressed in terms of medical probability. Further, petitioner asserts that the determinative testimony was based upon theories or hypotheses rather than medical findings as required by *Hemphill v. The Industrial Commission of Arizona*, 91 Ariz. 322, 372 P.2d 327 (1962); *Tashner v. The Industri-*

*al Commission of Arizona*, 62 Ariz. 333, 157 P.2d 608 (1945). We do not believe that the medical testimony supporting the award can be characterized in this fashion.

Respondent's present condition was diagnosed as rheumatoid arthritis. Dr. Walter E. George, an orthopedic surgeon, first treated Jordan. When it became apparent that respondent's condition had spread beyond one joint, he referred the patient to Dr. Arlene Ross, a rheumatologist. At one of the two hearing segments, he specifically stated that he would defer to the opinions of a rheumatologist concerning the connection between the industrial injury (trauma) and the development of rheumatoid arthritis.

Dr. William R. Myers and Dr. Arlene Ross, two highly qualified rheumatologists, testified at the hearing. Both doctors stated that they did not know the cause of rheumatoid arthritis. Dr. Ross did, however, testify that trauma can have a triggering or precipitating effect upon this condition. More importantly, Dr. Ross stated that it was her belief that this is what happened to Jordan. Dr. Myers stated that in his opinion trauma is not the cause of rheumatoid arthritis. The fact that Dr. Ross' testimony was not as sweeping as Dr. Myers' testimony does not prohibit the trier of fact from resolving any conflicts in her favor.

 We consider this area to be analogous to the "heart attack" cases. In those cases our courts have noted that since positive knowledge cannot be had as to causation, the fact that one opinion is expressed more positively than another does not require that it be given more weight. *State Compensation Fund v. Industrial Commission of Arizona*, 24 Ariz.App. 31, 535 P.2d 623 (1975). Similarly a doctor's opinion does not have to be positive to be given some value as evidence. *Belshe v. The Industrial Commission of Arizona*, 98 Ariz. 297, 404 P.2d 91 (1965).

 While it is true that equivocal testimony cannot create a conflict in the evidence, *Helmericks v. AiResearch Manufacturing Company of Arizona*, 88 Ariz. 413, 357 P.2d 152 (1960), we do not find the testimony of Dr. Ross to be uncertain or equivocal. Applying the definitional test set forth in *State Compensation Fund v. Industrial Commission of Arizona*, supra, we cannot say that Dr. Ross' testimony was "subject to two or more interpretations" or that she "avoided committing" herself. She stated that trauma can have a precipitating or activating effect upon rheumatoid arthritis and that this is what happened in respondent Jordan's case. Qualifications of medical opinions do not necessarily make them uncertain or equivocal. In *Continental Casualty Company v. The Industrial Commission of Arizona*, 15 Ariz.App. 565, 489 P.2d 1267 (1971) we noted that the qualification of a doctor's answers with "probable" would go to the *weight* of his testimony.

 While an award of compensation may not be based solely upon possibilities and speculative testimony, *State Compensation Fund v. Industrial Commission of Arizona*, supra, we cannot agree with the petitioner that the testimony of Dr. Ross can be characterized in this manner. Likewise we cannot agree with the petitioner that the testimony of Dr. Ross can be compared with that of the physicians in *Employers Mutual Liability Insurance Co. of Wisconsin v. The Industrial Commission of Arizona*, 17 Ariz.App. 516, 498 P.2d 590 (1972). There testifying physicians could not say to a degree of reasonable medical probability whether the disease in question was caused by the industrial injury or by injuries occurring in non-industrial accidents. The disease could not be apportioned with any degree of certainty. Here the hearing officer considered only one incident and in the resolution of a medical conflict favored the testimony of the physician who stated that *in this case* trauma activated the arthritis. The essence of our holding in

*State Compensation Fund v. Industrial Commission of Arizona,* supra, was that: " . . . *testimony of a less than positive degree must be considered in combination with all other evidence and given what weight, if any, the trier of fact deems warranted.*" (Citations omitted) 24 Ariz.App. at ——, 535 P.2d at 629. (Emphasis supplied)

█ Dr. Ross had recently completed a fellowship where she specialized in rheumatology. The proximity of her exposure to current research in the area could have influenced the hearing officer to favor her testimony over that of Dr. Myers. Veterans' Administration hospital records tending to corroborate the opinion of Dr. Ross were present in the Industrial Commission file. Thus the testimony of Dr. Ross *considered in combination with all the evidence* could be given the weight the trier of fact deemed warranted. The testimony of Dr. Ross is supported by the evidence that the applicant had no arthritic problems before this trauma, and that his problems started in the knee where the trauma occurred and then spread elsewhere. This evidence was accepted by the hearing officer who specifically found that the arthritis was activated by the trauma.

█ Our courts have continually reiterated the proposition that an employer takes his employee as he finds him. *Tatman v. Provincial Homes,* 94 Ariz. 165, 382 P.2d 573 (1963); *Murray v. Industrial Commission of Arizona,* 87 Ariz. 190, 349 P.2d 627 (1960); *Harbor Insurance Company v. The Industrial Commission of Arizona,* 19 Ariz.App. 569, 509 P.2d 641 (1973). If an injury operates on an existing bodily condition or predisposition, producing a further injurious result, the result

is said to be caused by the injury. *Murray v. Industrial Commission of Arizona,* supra. An industrially related accident does not have to be the cause of the injury or death, *but merely a cause.* If the job is said to precipitate or accelerate the condition, a causal connection with the work can be found. *State Compensation Fund,* supra.

An enlightening treatment of the distinction between medical and legal causation can be found in *Schreven v. The Industrial Commission of Arizona,* 96 Ariz. 143, 393 P.2d 150 (1964). The testimony given there seems analogous to that of Dr. Ross. While the injury was not the sole cause of the disability in the *Schreven* case, there was medical testimony to the effect that the injury "triggered" the condition (back pain). While the condition would have ultimately occurred because of the congenital abnormality, the "triggering" was construed as a basis for the determination of legal causation.

█ This Court does not weigh the evidence before the Commission; the hearing officer is at liberty to resolve all conflicts and draw warranted inferences. *Arnott v. The Industrial Commission of Arizona,* 103 Ariz. 182, 438 P.2d 419 (1968); *Waller v. The Industrial Commission of Arizona,* 99 Ariz. 15, 406 P.2d 197 (1965). In considering all of the relevant evidence before him, the hearing officer concluded that the testimony of Dr. Ross was to be given more weight than the testimony of Dr. Myers. We cannot disturb the hearing officer's reasonable resolution of conflicting medical testimony.

The award of the Industrial Commission is affirmed.

WREN and SCHROEDER, JJ., concur.