406 P.2d 861

**Dave E. MOORE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondents, and Broadway Construction Company, Inc.***

**No. I CA–IC 33.**

Court of Appeals of Arizona.

Oct. 27, 1965.

Rehearing Denied Dec. 14, 1965.

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8374. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Rees, Estes & Browning, by William D. Browning, Tucson, for petitioner.

Robert A. Slonaker, Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review an award of the Industrial Commission of Arizona, denying compensation to the petitioner, Dave E. Moore.

On or about 20 February, 1959, petitioner, while working as a carpenter or carpenter foreman, suffered a compression fracture of the first lumbar vertebra, and strain and contusion of the right hand. On 26 May, 1960, the Commission entered its "Findings and Award for Unscheduled Permanent Partial Disability", finding:

"that said applicant has suffered a 5% general physical functional disability as the result of said injury by accident."

After the accident, the petitioner was able to obtain work in a supervisorial capacity which paid him in excess of the amount he was receiving before the accident. Because his average monthly wage at that time was in excess of his average monthly wage prior to said injury, the Commission ruled that the claimant had suffered no loss of earning capacity as a result of the injury by accident. After a petition for rehearing on these findings, and an order by the Commission affirming their previous findings, the claimant did not proceed further at that time.

After working in a supervisorial capacity, the petitioner then went into the contracting business on his own, and the evidence would indicate that his income at that time was greater than the salary he received as a carpenter or carpenter foreman prior to the accident of 20 February, 1959.

By February, 1963, petitioner, due to economic conditions, was forced to leave the contracting business and to once again seek employment as a carpenter. Claimant found that he was unable to perform ordinary carpenter work due to his back condition, which he alleges is a result of the injury that he received in 1959. A "Petition and Application For Readjustment or Reopening of Claim" was filed 25 February, 1963, and after investigation, medical consultation and hearings, the Industrial Commission, on 24 April, 1963, issued its findings and award stating:

"That applicant does not have any new additional or previously undiscovered disability attributable to injury by accident arising out of and in the course of his employment with the above named defendant-employer, on February 19, 1959.

"IT IS ORDERED that applicant take nothing by reason of his petition and application for readjustment or reopening of claim."

The award was timely protested, and on 10 April, 1964, an order affirming previous findings and award was entered. From said order claimant petitioned this Court for

a writ of certiorari to review the lawfulness of said award.

The claimant makes three assignments of error. The first two concern the failure of the Industrial Commission to find that the petitioner suffered a new, additional or previously undiscovered disability due to the injury of 20 February, 1959, and the Commission's failure to find that the petitioner was entitled to compensation as a result of said new disability. It is the position of the Commission that petitioner's present disability is not attributable to the accident of 20 February, 1959. The report submitted after an examination by three doctors, Robert Hastings, M.D., Phillip G. Derickson, M.D., and Walter E. Edwards, M.D., states, in part, as follows:

"After review of the file and physical examination today, the consultants are of the opinion that this patient demonstrates progressive, generalized degenerative arthritic changes and accompanying evidence of increased disability, but the consultants are of the opinion these are not attributable to the accident of 2/20/59, and that there has been no change in the patient's physical condition since the last group consultation of 10/3/60, attributable to the accident of 2/20/59."

The report of the group consultation, on 3 October, 1960, by Stanley Tanz, M.D. and Warren D. Eddy, M.D., stated that the:

"5% general functional disability permanent in nature due to the accident of 2/20/59, is a fair estimate of his physical impairment at the present time."

At the hearings on 17 September, 1963 and 4 February, 1964, conducted pursuant to petitioner's application for readjustment or reopening of claim, testimony was received by Phillip G. Derickson, M.D., Robert E. Hastings, M.D., Stanley Tanz, M.D., Warren D. Eddy, M.D. and George A. Fuller, D.O. Dr. Fuller testified that, in his opinion, the injury caused a permanent aggravation of claimant's arthritis. This is controverted by the testimony of Dr. Hastings, who testified that by 1963, any effect of the temporary aggravation caused by the fracture had ceased, and that claimant was in the phase of progressivism due to the present existing disease and that the present disability attributed to the accident is no more than the 5% previously awarded. Dr. Derickson testified that since the fracture suffered by the claimant involved the same area as the arthritis, that it was impossible to tell with reasonable certainty what disability was from the fracture and what was due to the pre-existing arthritis. The medical testimony is sufficient to indicate that claimant's back injury was superimposed upon a pre-existing osteo-arthritic condition which, until the accident, had not kept the claimant from working in his occupation as a carpenter. The medical evidence appears to establish that the injury caused the aggravation of a pre-existing arthritis and that the 5% permanent general physical functional disability previously awarded is sufficient to cover the damage done by the accident. The Commission takes the position that any increase in petitioner's physical disability at the present time is attributable to the progression of the osteo-arthritis and not to the 1959 injury.

There being a sufficient conflict in the evidence from which the Industrial Commission might reasonably form an opinion that the petitioner had not suffered any new, additional, previously undiscovered general physical functional disability relating to the injury of 1959, we will not disturb the Commission's finding on appeal. Russell v. Industrial Commission, 98 Ariz. 138, 402 P.2d 561 (1965), Roberts v. Industrial Commission, 1 Ariz.App. 449, 404 P.2d 715 (1965).

This brings us to petitioner's third assignment of error. Petitioner contends that the Commission erred in holding, in effect, that petitioner's loss of earning capacity was not causally related to the industrial injury of 20 February, 1959, and the 5% general physical functional disability (permanent) which the Commission found

at that time. It is one thing to say that the petitioner failed to prove that there was an increase in his present physical functional disability attributable to the accident of 1959, and quite another thing to say that there is no causal connection between petitioner's previous 5% general physical functional disability (permanent) and his inability to gain employment at this time. A workman may sustain a 50% permanent general physical functional disability and suffer no loss of earning capacity because of the nature of his employment while another workman may find that a 5% permanent general physical functional disability causes a complete loss of earning capacity due to the nature of his employment and background. In the first instance, we are talking about medical disability and in the latter case, we are concerned with loss of earning capacity. The Commission has made a finding of fact that the claimant suffered a permanent 5% general physical functional disability, the award based upon that finding has become final and is res judicata, and it is just as binding upon the Commission as it is upon the claimant. Our Supreme Court has stated:

" * * * If no application for rehearing is made within 20 days after service of the award, the same becomes final and the commission thereafter has no power nor jurisdiction to change or review its decision." Green v. Industrial Commission, 78 Ariz. 347 at 349, 280 P.2d 268 (1955).

And:

"It is the general rule heretofore approved by this court that an award of the Industrial Commission, which is not appealed from, made on an application by an injured workman, is res adjudicata as against all the parties, and the findings set forth in such award cannot be attacked thereafter by them." Magma Copper v. Naglich, 60 Ariz. 43 at 50, 131 P.2d 357 (1942).

■ Even assuming, arguendo, that the Commission has the right to go into its previous findings upon a petition and application for readjustment or reopening of a claim, we feel that just as the claimant has the burden of proof in showing some new or additional disability based on the previous injury, that the Commission would have the duty of going forward with the evidence to show that petitioner's 5% general functional disability (permanent) has no effect on his present capacity to work. It is not necessary that the 5% general functional disability (permanent) be *the* cause of petitioner's present loss of earning capacity, but only *a* cause of his loss of earning capacity. Russell v. Industrial Commission, 98 Ariz. 138, 402 P.2d 561 (1965), Thiel v. Industrial Commission, 1 Ariz.App. 449, 404 P.2d 711 (1965). The only reasonable inference that may be drawn from the testimony is that the permanent 5% general physical functional disability is *a* cause of petitioner's present loss of earning capacity.

■ Our Supreme Court has also held that the Commission may not base its decision that the petitioner has suffered no loss of earning capacity on the medical testimony:

"Nor may the Commission decide from the evidence of medical experts that petitioner was physically able to perform the same type of work at the present time as he was doing previous to his injury. It has long been the rule in this state that medical evidence is not competent for this purpose. Medical evidence goes only to the physical injury and not as to how that affects earning capacity." Adkins v. Industrial Commission, 95 Ariz. 239, 243, 389 P.2d 118 (1964).

The Commission contends that where there is no showing of a change in petitioner's physical condition, subsequent to the previous finding and award, that the petitioner must show a reduction in his earning capacity arising out of said injury. The testimony in the instant case might reasonably support a finding by the Commission that there has been no change in

the physical condition of the claimant. However, the issue we here consider is whether petitioner's 5% functional physical disability (permanent) resulted in claimant's present loss of earning capacity. The Commission most strenuously urges that the claimant having made a greater salary after his injury has therefore suffered no loss of earning capacity even though at the present time he is unable to find employment at his old job. The position taken by the Commission is not only arbitrary, but tends to penalize those claimants who make an honest and sincere effort to find gainful employment despite the injuries they may have received in an industrial accident. This is particularly true in back injury cases such as the one we have here. Where the claimant, by seeking other employment, postpones the financial effect of that industrial back injury until a later date, he should not be penalized for said actions:

> "The mere fact that a claimant worked and earned money or even more money after being injured is not conclusive on the issue of the capacity of work. It is evidentiary only, to be considered along with other evidence. It is not conclusive either one way or the other. Earning capacity is the ultimate fact to be determined." 11 Schneider, Workmen's Comp. 385, 3rd Edition.

Our Supreme Court has recently said:

> "A person having a disability impairing his earning capacity is entitled to compensation under our laws. Since the Commission failed to consider the five percent impairment of claimant's physical functional capacity in making its award, and based said award solely upon claimant's post-injury earnings, its finding must be set aside." Shroyer v. Industrial Commission, Ariz., 405 P.2d 875, 1965.

The award is set aside.

STEVENS, C. J., and DONOFRIO, J., concurring.