418 P.2d 611

**Harry B. ELLIOTT, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and City of Glendale, Respondents.**

**No. I CA-IC 89.**

Court of Appeals of Arizona.

Oct. 11, 1966.

Wade Church, Phoenix, for petitioner.

Robert Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent Industrial Commission of Arizona.

DONOFRIO, Judge.

This case comes to us from the Industrial Commission of Arizona on a writ of certiorari to review the lawfulness of a Decision upon Rehearing and Order Affirming Previous Findings and Award which denied a petition to reopen a claim. The question presented is whether petitioner, Harry B. Elliott, has shown new or additional disability resulting from the industrial accident which would entitle him to have his claim reopened.

On April 11, 1960, petitioner, a mechanic, suffered a lumbosacral, thoracic and cervical sprain while putting a transmission in a truck. At the time he was employed by the City of Glendale at an average monthly wage of $365.00.

On December 19, 1960, the Commission made a Findings and Award for Temporary Disability, after which a petition for

rehearing was filed and denied. Thereafter on January 8, 1963, an application for readjustment or reopening of claim was filed. Petitioner had suffered extreme pain following attempts to shovel and garden at his home. The claim was reopened for additional benefits on the basis of an aggravation of the original injury. Two interlaminal surgeries were performed.

On December 20, 1963, the Psychiatric Advisory Board evaluated the petitioner. They found that although there was total disability, the major part rested on a psychogenic basis that was not caused by the April 11, 1960 injury.

Orthopedic consultants on January 23, 1964, recommended petitioner be discharged with 15% general disability. This was affirmed in the award. A hearing was held. The Decision of September 2, 1964, found 15% physical disability and capacity to work as a light delivery truck driver with a loss of earning capacity of 40.68%. A notice of protest was filed, but a petition for hearing was not, so the award became final.

A petition for reopening claim was filed alleging total disability. It was denied on April 8, 1965. A hearing was requested and held and on November 23, 1965, the award of April 8th denying the petition to reopen was affirmed.

■ To reopen a claim a petitioner must show: (1) A change in the physical condition of the workman after the findings and award. The change must arise out of the injury and result in a change in earning capacity, or; (2) A reduction in earning capacity resulting from the injury where there is no change in physical condition after the findings and award. Bierman v. Industrial Commission, 2 Ariz.App. 548, 410 P.2d 666 (1966), Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964).

■ Petitioner presented no evidence on the second ground. The burden of proof to show grounds to reopen is on the petitioner. Bierman v. Industrial Commission (supra); Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965).

The only expert testimony presented at the hearing was that of Dr. D. K. Hagger. Dr. Hagger testified that the petitioner's condition was stationary. He testified that he had not read the consultation reports on which the Commission had based their award. The Doctor could testify to petitioner's physical condition at the time he examined him; but he had no basis for testifying whether or not there had been a change in that condition since the date of the award, which would justify reopening the claim.

The petitioner's symptoms were described by Dr. Hagger as largely subjective and he recommended a new neurological examination. That recommendation came as a result of an alleged verbal neurological report from Dr. Pitman to whom Dr. Hagger had referred the petitioner. That report was not put in evidence nor was Dr. Pitman called to testify. It was not shown that conditions had changed since the time the Psychiatric Advisory Board had found 100% psychic disability unrelated to the injury, or since the finding of the Orthopedic Advisory Board of 15% general disability in which findings a neurologist had participated. The latter Board stated "treatment from an orthopedic or neurological standpoint is not indicated".

■ We find the award of the Industrial Commission is reasonably supported by the evidence. Petitioner has not carried the burden of showing a new or additional disability. Nor has he met the burden of showing that any change of contion, if shown, was caused by the industrial injury. Potter v. Industrial Commission, 99 Ariz. 126, 407 P.2d 88 (1965); Moore v. Industrial Commission, 2 Ariz. App. 143, 406 P.2d 861 (1965).

The testimony of Dr. Hagger on functional overlay contained no evidence which would lead to any other conclusion than that of the Psychiatric Advisory Board.

Having found no evidentiary grounds which would justify reopening the claim, it is not necessary to investigate petitioner's objections to the findings on loss of earning capacity. The award of 40.68% was made. No petition for rehearing was filed within the twenty days allowed by Rule 37 of the Industrial Commission. The award is not reviewable unless the claim is reopened. Spicer v. Industrial Commission, 3 Ariz.App. 7, 411 P.2d 180 (1966); London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929 (1950).

Affirmed.

STEVENS, C. J., and CAMERON, J., concur.