446 P.2d 470

George P. THEOHARIDI, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Nick Salestrieri (Nick's Painting Company), Respondents.

No. 1 CA–IC 191.

Court of Appeals of Arizona.

Nov. 4, 1968.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel, by Arthur B. Parsons, Jr., Phoenix, for respondent The Industrial Commission.

DONOFRIO, Judge.

The petitioner, George Theoharidi, suffered an accident on February 9, 1960, resulting in a knee injury. After medical treatment which involved surgery on the knee, he was discharged on August 30, 1961, with a scheduled award of 15% loss of use of the leg.

On April 20, 1966, an application to reopen was filed, supported by a medical report from Dr. Edward E. Conn. The Commission ordered a consultation board composed of four doctors and Dr. Conn to examine the petitioner. Of the five members of the board, four of them stated their opinion as follows:

"The consultants today do not find evidence of new and additional disability to warrant consideration for reopening of the case at this time."

Only Dr. Conn, the petitioner's physician, disagreed with the majority of the consultation board. He stated his position as follows:

"June 16, 1966: It is my feeling that this patient has certain other pertinent physical findings. I feel that he has a significant joint effusion on the right; he has definite tenderness on compression of the patella against the femoral condyle, particularly of the lower pole of the patella; hyperextension causes definite pain; there is some tenderness around the posterior joint margin in addition to the tenderness previously described."

It was the opinion of the referee that the applicant had failed to prove by a reasonable preponderance of the evidence that he suffered from "a new, additional or previously undiscovered disability reasonably attributable to the injury sustained on February 9, 1960." The Industrial Commission found that the applicant had no "new, additional or previously undiscovered disability attributable to accident of February 9, 1960", and denied reopening of the claim. From the denial to reopen and the refusal of a rehearing, petitioner has appealed to this Court.

It was correctly stated by the referee in his findings that the claimant's burden is by "a reasonable preponderance of the evidence". Edmiston v. Industrial Commission, 92 Ariz. 179, 375 P.2d 377 (1962); Moore v. Industrial Commission, 2 Ariz.App. 143, 406 P.2d 861 (1965).

■ Our Supreme Court has pointed out that although the Commission must give due weight and consideration to the opinion of the medical board, it is not bound by its conclusions. The Commission must consider the medical findings rather than the conclusion of the medical board as the evidence from which they must make their decision. Tashner v. Industrial Commission, 62 Ariz. 333, 157 P.2d 608 (1945).

■ This rule was later modified, as evidenced by the case of Jones v. Industrial Commission, 81 Ariz. 352, 306 P.2d 277 (1957). The Arizona Supreme Court in that case stated:

"* * * We submit that the question of the causal relationship between the accident and death was necessarily within the singular knowledge of medical experts; in such case their findings are conclusive upon the commission. (Cases cited) The commission is not allowed to substitute its judgment on matters lying exclusively within the field of medical science. * * *" 81 Ariz. at page 358, 306 P.2d at page 281.

The modified rule of the Tashner case is still the law in Arizona. Paulley v. Industrial Commission, 91 Ariz. 266, 371 P.2d 888 (1962); Sandoval v. Industrial Commission, 3 Ariz.App. 449, 415 P.2d 463 (1966).

■ What we have in this case is conflicting medical testimony. It necessarily becomes the duty of the Industrial Commission to accept the opinion of one of the medical experts over that of the other. This Court becomes bound by the conclusion which the Industrial Commission reached as to which of the doctors was more probably correct. Hewett v. Industrial Commission, 72 Ariz. 203, 232 P.2d 850 (1951).

■ There is one additional problem which, although not argued in petitioner's brief, is mentioned in his statement of facts. This relates to the claimed denial of the right to cross-examine the majority of the consulting group of doctors upon whom the Commission relied. While the file reflects that the Commission did not make the doctors available for cross-examination, the petitioner was given ample opportunity to request a subpoena for any of the doctors before the hearing of February 7, 1967, and ample opportunity to request a continuance. We do not believe he can now complain.

Award affirmed.

CAMERON, C. J., and STEVENS, J., concur.