470 P.2d 493

David F. ALTAMIRANO, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Magma Copper Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 362.

Court of Appeals of Arizona, Division 1, Department B.

June 10, 1970.

Rehearing Denied Sept. 3, 1970.
Review Denied Oct. 27, 1970.

Spencer K. Johnston, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent Employer.

Robert K. Park, Chief Counsel, Phoenix, for respondent carrier State Compensation Fund.

JACOBSON, Judge.

The only question before this court on the review of the award of the Industrial Commission is whether or not the award is reasonably supported by the evidence.

On August 20, 1966, the petitioner was in an industrially related accident caused by his pushing a button on a fan and receiving an electrical shock. The petitioner claimed the electrical shock resulted in damage to the spinal column which in turn affected his ability to work. The Commission award found no disability.

**346**

A detailed recitation of the facts in this case would not be helpful to either the bar or the parties involved. Suffice it to say the petitioner over an extended period of time was examined by eleven doctors, either individually or in group consultation. Among these were a neurosurgeon, a specialist in physical medicine, a neurologist, an orthopedic specialist, a specialist in internal medicine, a psychiatrist and general practitioners. While petitioner and lay witnesses testified as to petitioner's inability to perform his former work, with the exception of the specialist in internal medicine all the medical testimony basically concluded that petitioner suffered no permanent disability as a result of the electrical shock. The psychiatrist was of the opinion that the petitioner did not suffer from "conversion reaction." As indicated, the sole exception to this medical testimony of no disability is the testimony of the internist and his opinion was that some damage to the spinal column occurred resulting in disability.

It is axiomatic that petitioner has the burden of establishing his claimed disability. Where such disability cannot be seen or known by laymen, it can only be established by expert medical testimony. Riggins v. Industrial Commission, 9 Ariz. App. 469, 453 P.2d 980 (1969); Montgomery v. Industrial Commission, 7 Ariz.App. 109, 436 P.2d 621 (1968).

Where conflict in the testimony occurs, the Commission has the duty and responsibility to resolve those conflicts and if the result reached by the Commission is substantiated by competent evidence, our judgment will not be substituted for that of the Commission. Sullivan v. Industrial Commission, 7 Ariz.App. 512, 441 P.2d 278 (1968).

While the petitioner urges that because of the qualifications of the various experts, in fact no conflict exists as to the medical testimony, a reading of the file amply shows that there was competent evidence upon which the Commission's decision can be supported.

We have also reviewed the file relative to certain memorandum inserted therein. from which petitioner urges that improper influences were brought to bear on the Commission. Our review of the file does. not support the inferences urged by petitioner.

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.