483 P.2d 50

**TANNER BROS. CONTRACTING CO., Inc., Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**James R. Murphy, Respondent Employee,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 458.**

Court of Appeals of Arizona, Division 1, Department A.

March 30, 1971.

Rehearing Denied April 20, 1971.

Review Denied May 25, 1971.

Snell & Wilmer by James A. Honer and Bernald C. Porter, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Industrial Comm. of Ariz., Phoenix, for respondent.

Richards & Heilman by Jeff Richards, Yuma, and Morgan & Jerome by Donald J. Morgan, Phoenix, for respondent employee.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

DONOFRIO, Judge.

This case is before the Court by writ of certiorari brought to test the lawfulness of an award and findings of The Industrial Commission of Arizona issued on March 27, 1970, denying a rehearing of an award issued June 25, 1969, granting accident benefits and compensation to respondent employee.

The facts pertinent to the issues presented in this case are as follows:

The petitioner is a self-rated employer. James E. Murphy was employed as a truck driver by petitioner, Tanner Bros. Contracting Co., Inc., when on November 12, 1965, he lost control of the truck he was driving when two tires blew out and the truck ran into a ditch, injuring him. He made a claim for temporary total disability, claiming injury to his left shoulder, neck and lower back.

The claim was accepted for benefits by the Commission on December 5, 1965, and he subsequently received temporary total disability benefits.

On April 14, 1966, Murphy was examined by Drs. Stanford F. Hartman, M.D., Howard P. Aidem, M.D., George T. Hoffman, M.D., and Frank J. DePaoli, Jr., M.D., at the request of the Claims Department of the Industrial Commission. Said doctors in a written report to the Commission expressed the opinion that Murphy could return to his regular work within 30 days. He was instructed to return to regular work on May 6, 1966, by Stanford F. Hartman, M.D., applicant's treating physician at that time. On the same day, May 6, 1966, Murphy became regularly employed as a truck driver with L. M. White Construction Company at Yuma, Arizona.

On May 31, 1966, the Commission issued findings and award for continuing benefits and establishing average monthly wage. The findings of the Commission were that Murphy was able to return to employment effective May 6, 1966.

On the morning of June 10, 1966, during the regular course of his employment as a truck driver with L. M. White Construction Company, with whom Murphy had been steadily employed since May 9, 1966, he reinjured his back. At the time of this second injury he was driving a water truck. After hauling one or two loads of water, he pulled up to a water tank, placed his truck in position to receive water, locked his brakes, got out of the cab, and bent over to take hold of a bar for opening a valve to let water into the truck when he suddenly received a pain in his back and left leg and was unable to walk or stand.

The petitioner requested a hearing and various procedural processes were followed, culminating in a hearing at Yuma, Arizona, on September 9, 1966. Following the hearing, by stipulation, affidavits of expert medical witnesses were submitted by the petitioner. There followed lengthly administrative processing, with a second hearing in December 1968. The referee's report was issued February 28, 1969, and recommended to the Commission that the employee be granted accident benefits and compensation. Thereafter the award complained of issued on June 25, 1969, (rehearing denied on March 27, 1970) with extensive findings of fact, including one that the average monthly wage of the employee

was $672.80 a month and that he sustained a 5% general functional disability resulting in a 19.68% reduction in earning capacity. There is a memorandum in the file to the effect that the referee's report was approved by all five Commissioners, and the actual award is signed by three of the Commissioners with their personal signatures.

The employer in its brief raises three issues, each of which is concerned with whether the evidence before the Commission is sufficient to reasonably support the award. It is the opinion of this Court that it is.

█ It is the function of the Court of Appeals when petitioned to review the Industrial Commission awards to determine whether the evidence before the Commission reasonably supports its decision, and not to try the case anew. The Commission's findings as trier of facts must be sustained if reasonably supported by the evidence. Torrez v. Industrial Commission, 12 Ariz.App. 21, 467 P.2d 245 (1970).

Petitioner first contends that respondent employee sustained a new injury on June 10, 1966, while employed by L. M. White Construction Company. Dr. William C. Cain, M.D., was asked and answered as follows:

"Q  All right, sir. Based upon your conversations, then, with Dr. Hartman, your diagnosis of this case, what you found as the result of your examinations of this man, first from the X-ray standpoint and from your objective and subjective examinations, do you have an opinion as to whether or not this pain that he experienced in the emergency situation arose on the 10th of June 1966, while he was working at this water truck about which he told you, do you have an opinion whether or not that pain which he at that time suffered was a new and separate injury to him, or was it a continuation of this old injury that he suffered from on November 12, 1965

while in the employ of Tanner Bros. Contracting Company?

"A  Well, in my opinion it was an acute aggravation of a continuing injury.

"Q  That this injury, then, was a continuing thing?

"A  Yes.

"Q  And this wasn't a new and separate injury?

"Q  No."

█ The petitioner argues that the following testimony on cross-examination by Dr. Cain takes his opinion out of "expert medical testimony":

"Q  All I'm trying to do is determine now what background you used to base your opinion  *  *  *

"THE WITNESS:  Well, the history of his injury, of course and the way that this whole thing, by just bending over is not a new injury, in my opinion.

"MR. BERNSTEIN

"Q  On what do you base that opinion?

"A  Just common knowledge, I guess. I don't know, common sense, leaning over to me is not an injury. The patient was having trouble even though he was trying to work and he bent over and in my opinion he had an aggravation of a continuing injury.

"Q  He aggravated a previous injury?

"A  Yes."

We agree with the Commission that this is not equivocal testimony.

█ The petitioner further argues that the evidence does not support a finding that the applicant sustained a loss of earning capacity as the result of his industrial injury. The record is replete with documented statements of employment kept and submitted by the employee, which is not refuted or countered by any contradicting testimony or evidence, and which support the finding.

█ The last issue concerns the setting of the average monthly wage at $672.80.

**312**

The respondent employee urges that this matter became res judicata as the result of an award which was not protested on that particular issue. The petitioner urges that the award in question was rubber stamped and that there is nothing in the file to indicate that it was the action of the Commissioners. Petitioner argues that under Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911 (1970), this does not constitute a valid award, and therefore does not become res judicata. We do not deem it necessary to consider this argument. The award of June 25, 1969, (rehearing denied March 27, 1970) contained the finding of fact setting the average monthly wage at $672.80 a month, and that award was signed by all the Commissioners. This is distinguishable from the situation in Benites in that the Commission did not attempt to affirm a previously void award. In the instant case the findings of fact were set forth in the opinion complained of, and as has been pointed out, there is a memorandum showing that that award was approved by five of the Commissioners, and it has been personally signed by three of them. The evidence in the record is sufficient to support the finding of the average monthly wage.

The award is affirmed.

STEVENS, P. J., and CASE, J., concur.