502 P.2d 546

**Fred W. MOFFETT, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**M. Y. Development Co., Respondent Employer,**

**Transamerica Insurance Group, Respondent Carrier.**

**No. 1 CA–IC 699.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 9, 1972.

Rehearing Denied Dec. 19, 1972.
Review Denied Jan. 9, 1973.

Langerman, Begam & Lewis, P.A. by Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Glen D. Webster, Jr., Phoenix, for respondent Employer and Carrier.

JACOBSON, Judge.

The sole question presented by this appeal by writ of certiorari from an award of The Industrial Commission is whether the petitioner sustained his burden of proving that his present condition is causally related to his prior industrial injury.

On February 12, 1970, the petitioner Fred W. Moffett, a 57-year-old workman, sustained a neck injury while lifting some galvanized pipe. His injury at that time was thought to be a sprain or strain of the neck. He received compensation benefits arising from this injury until April 24, 1970, when his claim was closed by the Commission without residual permanent disability. This award became final.

On November 10, 1970, petitioner filed a petition to reopen his claim on the basis of a new, additional or previously undiscovered disability or condition alleging that he suffers from numbness in his right hand

together with numbness and limitation of motion in his left arm and shoulder. Respondent insurance carrier denied the reopening petition and petitioner timely requested a hearing.

The testimony at the hearing revealed that petitioner had been suffering from pain in his neck and right shoulder since 1963 or 1964 and that this condition had been diagnosed as degenerative arthritis of the spine. The testimony further showed that at the present time he suffered increased pain as compared to his condition at the time his claim was closed in April 1970.

Respondents in this court did not seriously question the fact that petitioner's condition is now worse than it was in April 1970, but strenuously argue that there is no evidence to support the contention that his present condition is causally related to the February 1970 industrial injury. In this regard it is not questioned by either party that petitioner must establish by a preponderance of the evidence that he has suffered new, additional, or previously undiscovered disabilities which arose out of the prior industrial injury. A.R.S. § 23–1061, subsec. H (1971); Lamb v. Industrial Commission, 13 Ariz.App. 408, 477 P.2d 282 (1970). Moreover, this "arose out of" or causation, where not readily apparent to a layman, must be established by expert medical testimony. Altamirano v. Industrial Commission, 12 Ariz.App. 345, 470 P.2d 493 (1970).

In support of his burden of proof petitioner presented the testimony of Dr. Joseph O. Ramsey, chiropractor, and Dr. Freeman P. Fountain, M. D. Dr. Ramsey, in answer to the following question:

"Doctor, based on your examinations of Mr. Moffett and based on the history that he furnished you, based on your training, education and experience as a Doctor of Chiropractics, do you have an opinion that you can state with a reasonable probability as to whether there is any cause and effectual relationship between Mr. Moffett's accident of February 12, 1970, and his present condition?"

replied:

"Considering that there was indication of some type of strain or sprain syndrome and it was discovered after this particular accident, if you want to call it an accident, that the man was having the pain. We did find misalignment in the spine indicative of pressure, slight pressure against the nerves which could cause this type of nerve root pressure and cause this type of pain. Left unattended over a long period of time, it gets more severe. Yes, I would have to give my opinion that that did at least at that particular time start the problem of being either more severe or started initially at that time."

Dr. Ramsey admitted that in reaching his conclusion he did not consider petitioner's prior degenerative spine condition or examine any X-rays in reaching his opinion. He explained that:

" . . . At that time, I wasn't interested in trying to formulate a conclusion I was going to have to bring before this hearing. I was interested in finding the cause, the problem that I could correct at that time and bring help and relief, help to this man. I did that in the typical, normal, everyday, routine procedure that is used in my office. I wasn't trying to make an extensive diagnosis to put the man down in his medical history as having this or that."

He further testified in answer to a question as to whether the February 12, 1970 injury had any effect on petitioner's degenerative arthritis that he did not feel he was qualified to answer the question and for this reason he referred petitioner to an orthopedic surgeon for further evaluation. This orthopedic surgeon in a letter contained in the Commission's file (he was not

called to testify at the hearing) noted that "current X-rays were taken at this time which revealed degenerative changes in the cervical area."

Dr. Fountain testified generally concerning the effect of trauma on a pre-existing cervical spondylosis, but was unable to relate his opinion specifically to the petitioner because he knew "nothing about [the petitioner] at all." No other medical testimony was elicited as to causation.

As can be seen from the above, the only testimony which even closely approaches the issue of causation in petitioner's case is that of Dr. Ramsey, a chiropractor. In our opinion, we need not determine this case upon our holding in Chalupa v. Industrial Commission, 17 Ariz.App. 386, 498 P.2d 228 (1972).[1]

Rather, we are of the opinion, in reviewing Dr. Ramsey's testimony as a whole, assuming his qualifications in this field, that his testimony was so impregnated with substantial uncertainty that it was susceptible of being interpreted as dealing with mere possibilities rather than probabilities. In such a case, this reviewing court will not require the Commission to find a fact based upon such possibilities. Lamb v. Industrial Commission, *supra*; Helmericks v. AiResearch Mfg. Co. of Arizona, 88 Ariz. 413, 357 P.2d 152 (1960); Gronowski v. Industrial Commission, 81 Ariz. 363, 306 P.2d 285 (1957).

Since the petitioner failed to carry his burden of proof as to causation, the award of the Commission is affirmed.

HAIRE, C. J., Division 1, and EUBANK, J., concur.

---

1. In *Chalupa*, this court held that a chiropractor's testimony as to causation is essentially lay testimony as being beyond the limitation of his qualification as an expert. The Supreme Court on September 26, 1972, granted a petition for review in this case.