511 P.2d 671

Phillip HURLEY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Galloway Motors, Respondent Employer,

Continental Casualty Company, Respondent Carrier.

No. I CA–IC 788.

Court of Appeals of Arizona, Division 1, Department A.

June 28, 1973.

Gilbert Gonzalez, Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Chandler, Tullar, Udall & Richmond by William J. Augustine, Tucson, for respondents employer and carrier.

OGG, Judge.

This is an appeal from an award of The Industrial Commission in which the petitioner, Phillip Hurley, was denied an

award for disability suffered as the result of a herniated disc at the C–5, C–6 level. The principal question presented to us for review is whether there was a causal connection between the herniated disc and petitioner's employment.

Petitioner was born in 1924 and had spent most of his adult life working as an automobile mechanic. In January, 1971 petitioner first noticed pains in his shoulder while working for Galloway Motors in Tucson, Arizona, performing automobile electrical work and general mechanic duties. The very nature of this work required him to place his head under the dashboards of automobiles in awkward positions; his general mechanic duties placed continual strain on his neck and back. Petitioner testified that he had never experienced this shoulder pain before. As the pain worsened in his attempts to perform his duties, he sought medical aid from Dr. John W. Cortner, an orthopedic surgeon, approximately two weeks after he first felt the shoulder pain. He was treated by Dr. Cortner and later referred to Dr. Juan E. Fonseca, a neurosurgeon, who performed an interbody fusion to correct the herniated disc condition in March, 1971. Dr. Fonseca testified that the operation was successful but as a natural result of the consequences of the injury and operation the petitioner had a permanent physical disability and his ability to function as an automobile mechanic had been impaired.

As is often the case with highly qualified medical experts, neither Dr. Cortner nor Dr. Fonseca gave medical testimony with the precise mathematical certainty that would simplify our duties on review. A fair reading of the only medical testimony shows that both doctors believed the disc probably herniated in January, 1971 at the time petitioner first had his shoulder pains. Both doctors believed that petitioner's work as an automobile mechanic was the major factor in causing the herniated disc.

It was the prime contention of the Carrier that petitioner's disability was a degenerative condition caused by the normal wear and tear of living. The doctors agreed that we all suffer such wear and tear but both felt petitioner's particular work accelerated and aggravated the degenerative process of the spine. Dr. Cortner stated that his x-rays showed minimal osteoarthritic changes in the neck and that these changes would not have produced the symptoms complained of by petitioner in February, 1971.

No citations are needed to reiterate the basic law that we will follow the findings of The Industrial Commission and we will not disturb its findings and award where there is a dispute in the medical testimony.

It is also well recognized that the court must set aside an award in cases where the record discloses no substantial evidence to support the findings and award of The Commission. Ware v. Industrial Commission, 92 Ariz. 188, 375 P.2d 384 (1962); Sims v. Industrial Commission, 11 Ariz.App. 385, 464 P.2d 972 (1970).

If the causal relationship between an accident and alleged disability is a matter necessarily within the knowledge of medical experts as in this case, the doctors' findings are conclusive upon the Commission. Paulley v. Industrial Commission, 91 Ariz. 266, 371 P.2d 888 (1962); Jones v. Industrial Commission, 81 Ariz. 352, 306 P.2d 277 (1957); Theoharidi v. Industrial Commission, 8 Ariz.App. 364, 446 P.2d 470 (1968).

Neither this court nor The Industrial Commission can totally disregard the only medical evidence presented in this case. Enyart v. Industrial Commission, 10 Ariz. App. 310, 458 P.2d 514 (1969).

The transcript reveals no major conflict in the medical evidence and that the award of The Commission is not reasonably supported by the evidence.

The award is set aside.

DONOFRIO, P. J. and STEVENS, J., concur.