511 P.2d 687

Vincente L. GARCIA, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent, Phelps Dodge Corporation, Respondent Employer, State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 791.

Court of Appeals of Arizona,
Division 1,
Department A.
July 10, 1973.
Rehearing Denied Aug. 22, 1973.
Review Denied Oct. 9, 1973.

Finn, Finn & Wilkes, Ltd. by Herbert B. Finn and Galen H. Wilkes, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Evans, Kitchel & Jenckes, P. C. by Stephen W. Pogson, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix, for respondent carrier.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona determining that petitioner did not sustain an injury arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act.

Petitioner's injury and disability involves his right arm. Dr. Robert V. Horan, Chief Surgeon. of the respondent employer's Morenci Hospital was the only medical witness testifying at the hearing of this matter. It is not questioned that his testimony was to the effect that petitioner's disability involving his right arm was not causally related to any on-the-job incident or incidents.

Petitioner bases his request for setting aside the award principally on, 1) the refusal of the hearing officer to view the premises where petitioner performed his work, and 2) the fact that Dr. Horan ap-

peared and testified at the hearing without previous notice to petitioner or his counsel. In addition to these points, petitioner contends that the causal connection between the strenuous work in which he was engaged and the injury to his right arm are so clearly apparent to any layman that the hearing officer was in error in disregarding this "obvious causation" in favor of Dr. Horan's testimony.

For an understanding of the case, a brief background is necessary. Beginning in 1966 petitioner worked as a flue cleaner at the respondent employer's smelter at Morenci, Arizona. This entailed cleaning areas in boilers with a pipe or lance attached to a hose supplying compressed air, so as to clean accumulations of waste material on steam pipes in the boilers. The lance was operated by use of both hands. In the cleaning operation, chunks of the accumulation of waste material would fall on the lance held by petitioner, jerking and jolting it. While working at this job petitioner began having difficulty with his right arm, complaining of weakness in the elbow and hand.

In February 1971 petitioner complained of pain in the arm and was referred to Dr. Howard Aidem, an orthopedic surgeon in Phoenix. X rays were taken of the right arm and wrist which showed degenerative arthritis of the right elbow with moderate osteophyte spurring. The radiologist who read the X rays also concluded that the right wrist was unremarkable except for a suggestion of an old avulsion fracture at the distal radial shaft. Dr. Aidem concluded that petitioner was suffering from an ulnar nerve palsy. He surgically moved the ulnar nerve forward to relieve its irritation.

The operation was paid for through the employer's non-industrial insurance program. Thereafter petitioner undertook to have his condition processed as a workman's compensation claim. On April 21, 1971 respondent carrier issued a notice of claim status denying the claim. The commission apparently had no record of the claimed injury at the time. Meanwhile, petitioner wrote the Commission that he deserved a hearing in the matter and was thereafter sent forms which were filled out. A notice of hearing was issued in July setting the hearing for November 12, 1971.

On August 12, 1971 petitioner provided names of witnesses whom he had previously mentioned to the Commission, and subpoenas were issued to the persons named. On August 23, 1971 petitioner informed the Commission that Messrs. Finn and Van Baalen had been retained as his counsel. No further requests for subpoenas were made. Respondents did not request any subpoenas for the hearing.

At the hearing the four witnesses subpoenaed by petitioner testified, as did petitioner. Dr. Horan, who had not had a subpoena issued for him, was called by respondent employer to testify. Dr. Horan testified that petitioner's trouble with his right arm was not related to any on-the-job incident or incidents. At the conclusion of the hearing petitioner's counsel requested a continuation to obtain testimony from Dr. Aidem, who had not been subpoenaed. The request was taken under advisement. Counsel later wrote a letter to the hearing officer that the weight of the lances given by witnesses was not correct, setting forth some actual weights, and requested that a hearing be held in Phoenix, recalling witnesses to correct the matter. The request for continuance which had been taken under advisement, and the request in the letter for a further hearing were denied in a two-page letter. The substance of the reasoning for denial which was set forth in the denial was that petitioner had full opportunity to subpoena witnesses. With reference to the question of Dr. Horan's appearance, the letter stated there was nothing in the rules to prevent a party from presenting witnesses who are willing to appear without being subpoenaed, and that petitioner's request for the medical witness (Dr. Aidem) was not seasonably made.

We first deal with the question regarding the hearing officer's refusal to view the premises. At the hearing counsel for petitioner made a statement that the work was of an unusual nature, and requested that the hearing officer go to the smelter to see the type of work that was involved. The hearing officer took the position that this was not feasible because the important part of a hearing is to make a record and that what he would see as a hearing officer would not be part of the record. He suggested, however, that a description of the job should be made for the record.

We have not been cited to any authority requiring a view of the premises by a hearing officer in an industrial case. If any rule applies, it would have to be the rule that is followed in civil actions tried before the court without a jury. In such cases the judge has the inherent discretionary right to have a view of the premises or objects in question. Udall, Arizona Law of Evidence § 133. Assuming the application of this rule, we cannot see that the petitioner has been prejudiced by the refusal of the hearing officer to go to the smelter and make a view. In the first place, there was no foundation laid as to how and what he was going to view. Apparently it was the intention of petitioner to have the hearing officer view the process of flue cleaning in progress. If such was the case, the record is replete with a full description by the several witnesses, who were or had been employed at the smelter, of the work done and objects used. Petitioner himself testified, and Dr. Horan, also being familiar with the work, was questioned at length concerning the matter. We see nothing upon which to predicate the setting aside of the award just because the hearing officer did not choose to go to the premises.

We next consider the question raised regarding Dr. Horan's appearance as a witness without subpoena, and the denial of petitioner's requests for an additional hearing.

After the hearing, which was held in Morenci, petitioner wrote a letter requesting an additional hearing in Phoenix to allow witnesses who had testified regarding the lance to correct their testimony with reference to the size and weight of the lance. As to this request calling for additional evidence regarding the weight and size of the lance, we would again call attention to the fact that the witnesses called by petitioner testified at length concerning the matter and that all opportunity was given petitioner to present his evidence at that time. We do not find anything in the record indicating an abuse of discretion in the hearing officer's ruling denying further testimony on this point, especially from witnesses who had already testified on the matter. We might add that the record shows a description of the lance by petitioner as being up to 24 feet, and that much of the other detail regarding the parts of the lance, except as to the exact weights, was covered.

Regarding Dr. Horan's appearance, there is nothing to prevent a party from presenting witnesses who are willing to appear and testify without being subpoenaed. Pauley v. Industrial Commission, 10 Ariz.App. 315, 458 P.2d 519 (1969). We are unable to see petitioner's unfair surprise argument. Inasmuch as no subpoenas were requested by respondent, one might expect Dr. Horan, who was affiliated with the company hospital which had so much to do with petitioner, to testify.

Finally, we consider the question regarding the medical testimony and causation.

We are unable to agree with petitioner's contention of obvious causation between the employment and the injury so as to overcome the testimony of Dr. Horan. The Commission would not be allowed to substitute its judgment on matters lying exclusively within the field of medical science. In this case the causal relationship between the disability and the alleged incident or incidents of work is a matter necessarily within the knowledge of medical experts and not, as petitioner argues, a causation clearly apparent to any layman. cf. Paulley v. Industrial Commission, 91

Ariz. 266, 371 P.2d 888 (1962); Jones v. Industrial Commission, 81 Ariz. 352, 306 P.2d 277 (1957); Craig v. De Berge, 67 Ariz. 168, 193 P.2d 442 (1948); Caekos v. Stanley Fruit Co., 55 Ariz. 72, 98 P.2d 471 (1940); Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649 (1936); Hurley v. Industrial Commission, 20 Ariz.App. 227, 511 P.2d 671 (filed June 28, 1973). To require the Commission to disregard the medical testimony in this case and substitute its judgment would overrule a long line of cases, including the hereinabove cited cases.

The award is reasonably supported by the evidence.

Affirmed.

OGG and STEVENS, JJ., concur.