534 P.2d 436

**STATE COMPENSATION FUND and Elster's, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Hector Hernandez, Respondent Employee.**

**No. I CA–IC 1215.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 24, 1975.

Rehearing Denied June 4, 1975.

Review Granted July 8, 1975.

Robert K. Park, Chief Counsel, State Compensation Fund by Courtney L. Varner, Phoenix, for petitioners.

Edward F. Cummerford, Chief Counsel, The Industrial Commisson of Arizona by Greg L. Folger, Phoenix, for respondent.

Meadow Nastro & Thrasher by R. Y. Thrasher, Phoenix, for respondent employee.

## OPINION

WREN, Judge.

This review by certiorari questions the sufficiency of the evidence to support an Industrial Commission award reopening respondent's claim on the basis that he had sustained an "additional" disability. We find the evidence does not support the award.

On March 24, 1971, respondent, Hector Hernandez, suffered an industrial back injury, diagnosed as a superficial laceration of his right back and a traumatic myositis. His claim for workmen's compensation benefits was accepted by petitioner insurance carrier, and benefits continued until terminated by Notice of Claim Status issued in November of 1971. Respondent protested and hearings were held, resulting in an award entered in June of 1971 which granted respondent temporary benefits to January of 1972, but found that he had sustained no permanent disability. This award became final.

In December of 1973, respondent filed a petition to reopen his claim pursuant to A. R.S. § 23–1061(H). A hearing was held, resulting in the entry of an award on June 19, 1974, granting the reopening and awarding him benefits. On review the award was affirmed by the Commission, and petitioners thereafter filed their petition for writ of certiorari with this Court.

Initially, we note that in requesting a reopening of a claim under § 23–1061(H), the burden is on the workman to establish by a preponderance of the evidence that he has suffered a new, additional or previously undiscovered disability which arose out of the prior industrial injury. Moffett v. Industrial Commission, 18 Ariz.App. 397, 502 P.2d 546 (1972). Where the results of an injury are not readily apparent to a layman, the claimed disability and its causal relationship to the injury can only be established by expert medical testimony. Altamirano v. Industrial Commission, 12 Ariz.App. 345, 470 P.2d 493 (1970); Hurley v. Industrial Commission, 20 Ariz.App. 227, 511 P.2d 671 (1973).

It is petitioners' contention that the respondent did not meet the requisite burden of proof required for the reopening of his claim. Petitioners base their contention upon the following findings of the hearing officer:

"8. The evidence considered in its entirety did not establish that applicant had sustained new or previously undiscovered disability or condition referable to the industrial episode of March 24, 1971; however, it is reasonable to infer from the evidence that applicant's increased complaints requiring acupuncture treatments were in the nature of additional disability or condition referable to the industrial episode of March 24, 1971, such inference being based upon the entire testimony of Dr. Pomeroy rather than selected portions thereof. (Citations omitted).

"9. The evidence established that applicant sustained 'additional' disability

or condition referable to the industrial episode of March 24, 1971. . . . "

Petitioners argue that the first clause of finding number 8 constituted a determination by the hearing officer that the evidence was insufficient to support a reopening. However, in the second clause, according to petitioners, the hearing officer was in essence finding that such insufficient evidence warranted a reopening of respondent's claim. Thus, assert petitioners, the hearing officer was substituting his opinion for that of the medical experts in violation of the principles of Altamirano, *supra,* and Hurley, *supra.*

We do not agree with petitioners' interpretation. In our opinion, the hearing officer was merely attempting to distinguish the grounds for reopening. Though he found no "new or previously undiscovered disability of condition", he did find, as evidenced from finding number 9, an "additional" disability.

■ The only medical expert testifying at the Commission hearing, and upon whose testimony the hearing officer based his findings, was Dr. Kent Pomeroy, a specialist in physical medicine and rehabilitation. Dr. Kent Pomeroy first examined respondent in June of 1973. He testified that respondent had a permanent impairment and that the industrial episode in March of 1971 was a contributing cause thereof. However, as pointed out by petitioners, Dr. Pomeroy additionally testified that he did not know what respondent's condition had been in 1971, when the claim was originally closed; nor did he have available any of the medical reports or X-rays from previous physicians who had treated respondent.

A similar situation to the one herein was considered in Elliott v. Industrial Commission, 4 Ariz.App. 181, 418 P.2d 611 (1966). The court in *Elliott* held that testimony of a physician did not support a reopening of a claim, where the physician had no knowledge of the claimant's condition at the time of the granting of the claimant's previous award. In *Elliott,* the physician had not read the consultation reports upon which the Commission had based its previous award. Accordingly, the court reasoned that the doctor had no basis upon which to testify as to a change in the claimant's condition.

■ Similarly, though the 1971 award found respondent to have no disability, Dr. Pomeroy's testimony that he was disabled in June of 1973, does not establish the requisite "additional" disability. Testimony establishing a change in condition must be comparative in nature. *See* Elliott, *supra;* 3 A. Larson Law of Workmen's Compensation § 81.33 (1973). Without such comparison, Dr. Pomeroy's testimony must be construed as nothing more than evidence conflicting with that of the physicians whose opinions were the bases for respondent's prior award.

As indicated in *Elliott,* the requirement that such testimony be comparative in nature does not mean that the physician testifying to a change in condition must have personally examined the workman at the time of the earlier award. His opinion may be based on such factors as hypothetical questions, X-rays or medical reports, which may also be considered in light of the claimant's own history and work record. *See* Larson, *supra,* § 81.33. No such factors were considered by Dr. Pomeroy at the hearing. Therefore his testimony cannot sustain the findings of the Commission.

The award is set aside.

NELSON, P. J., and STEVENS, J., concur.