534 P.2d 754

**Donald C. CULVER, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**United Parcel Service, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**Donald C. CULVER, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**United Parcel Service, Inc., Respondent Employer,**

**Liberty Mutual Insurance Co., Respondent Carrier.**

**Nos. 1 CA–IC 1069 and 1 CA–IC 1070.**

Court of Appeals of Arizona, Division 1, Department C.

May 1, 1975.

Rehearing Denied June 18, 1975.

Review Denied July 14, 1975.

Gorey & Ely by Stephen L. Weiss, Phoenix, for petitioner Donald C. Culver.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Arthur B. Parsons, Phoenix, for respondents United Parcel Service, Inc. and State Compensation Fund (Claim No. 0/2–04–30).

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Mahowald, Phoenix, for respondents United Parcel Service, Inc. and Liberty Mutual Insurance Co. (Claim No. 0/6–36–25).

## OPINION

STEVENS, Judge.

The matter before this Court arises out of a denial of separate petitions to reopen each of two claims. The claimant was at all times employed by the same employer but at the time the claims originated there were different carriers.

Donald C. Culver (claimant) worked for United Parcel Service, Inc. (United Parcel) from 9 October 1963 until his last industrial episode on 30 March 1972. The claimant at all times was a parcel delivery man driving United Parcel vehicles. He had an asymptomatic spondylolisthesis at the L5–S1 level prior to his employment.

### THE BACK INJURIES

In March 1968 while in the course of his employment with United Parcel the claim-

ant sustained a low back injury. A claim was filed for workmen's compensation. The State Compensation Fund (Fund) was the carrier. The claim was processed. The claimant was off work for approximately two months as a result of this industrial episode. Thereafter he resumed his employment with United Parcel. While he experienced some back problems, he worked but with few days of time loss. This is one of the claims now before us on a petition to reopen and now bears claim number 0/2–04–30.

In April 1970 the claimant was hospitalized for a non-industrial stomach ulcer which was later of concern to the doctors following his last industrial episode but plays no part in the issues now before us. The fact of the ulcer problem is mentioned in this opinion for the reason that it played a part in the medical testimony.

In June 1970 the claimant sustained a further low back injury which was not industrially related. By reason thereof he missed approximately 1½ to 2 weeks of work and then returned to his employment with United Parcel. The June 1970 incident apparently did not increase the work related problems which he experienced following the March 1968 industrial episode.

In September 1970 the claimant experienced another industrially related low back episode and a workmen's compensation claim was processed in connection therewith. The Liberty Mutual Insurance Co. (Liberty Mutual) was the carrier. The claimant returned to his employment with United Parcel approximately two weeks after the September 1970 industrial episode. This claim bears claim number 0/6–36–25 and is now before us on a petition to reopen.

The claimant continued his employment with United Parcel with some back problems and some employment time loss as an incident to the back problems.

The final industrial incident occurred on 30 March 1972 when the claimant twisted his back. Thereafter he did not return to his employment with United Parcel.

Based upon a medical opinion that the 1972 incident constituted an aggravation of his prior industrially related back problems, which were superimposed on his spondylolisthesis, the claimant filed two petitions to reopen, one in relation to the March 1968 claim and one in relation to the September 1970 claim.

## PROCEDURES

The carriers denied the respective petitions to reopen, there were timely requests for a hearing in relation to the denials and a consolidated hearing was held on 6 June 1973. The hearing officer's decision and award ruling on both of the petitions to reopen was entered on 31 July 1973. The hearing officer found:

"That the medical findings do not show that applicant has any new, additional or previously undiscovered disability or condition which is causally related to either of the prior claims."

and

"That applicant has not sustained his burden of proof."

The hearing officer's decision and award made specific reference to the March 1972 episode and is silent in relation to whether that episode was a new injury.

Following the hearing officer's decision and award the necessary procedural steps were timely taken. Separate petitions were filed in this Court by the claimant seeking judicial review of the failure to grant either of the petitions to reopen. By Court order the two matters were consolidated in this Court and they were briefed and argued under cause number 1 CA–IC 1069.

As in Hardware Mutual Casualty Company v. Industrial Commission of Arizona, 23 Ariz.App. 535, 534 P.2d 749 filed this date, the Court commends the parties for making it possible to resolve the several issues in a single procedure thus, affording the opportunity to give consideration to the interrelated position of all of the parties.

## THE MEDICAL EVIDENCE

Three medical doctors testified at the hearing. There is an absence of any conflict in the medical testimony. Stanford F. Hartman, M.D., an orthopedic surgeon, is the only doctor who expressed an opinion relative to the important issue as to whether the 30 March 1972 industrial episode was a new industrial injury or the permanent aggravation of the preexisting industrially related back problems. His report dated 1 December 1972 concludes:

"It is the opinion of the examiner that this case should be reopened and an attempt be made to train him for some other type of work that he could safely carry out with his present condition.

"This patient is going to be destitute because of a technicality, which is a strain, superimposed upon a pre-existing spondylolisthesis of L5–S1 and when this ceases to exist, he will still have an aggraviation [sic] of a preexisting condition."

We quote portions of the doctor's testimony.

"However, I feel that this patient has had trouble in the past and it's a continual aggravation."

"* * * I mentioned my feeling of this in this case since he had a continuation and not completely over it, that it was a continued condition."

After a review of the incidents of March 1968, June 1970, September 1970 and March 1972, we find the following reflected by the reporter's transcript.

"Q. Are you able to tell us, sir, whether any of these incidents caused the problems that you saw in May of 1972, or is it a combination of them and you are unable to weed out or separate out from a causative point of view which one it is?

"A. I wouldn't even try to weed it out. It's impossible."

## THIS COURT'S HOLDING

■ There was but one employer, United Parcel. The responsibility for the industrial injuries rests with the employer and not with the carrier. The fact of the employer's responsibility has been established by Art. 18, § 8, A.R.S. the Arizona constitutional amendment which mandated the adoption of a workmen's compensation law. In part, this section provides that, "* * * compensation shall be required to be paid to any such workman, in case of his injury * * * by the employer * * *."

The facts in the instant case fit the facts of Tanner Bros. Contracting Co., Inc. v. Industrial Commission of Arizona, 14 Ariz.App. 309, 483 P.2d 50 (1971). We recognize that in Tanner, supra, we sustained a reopening based upon an aggravation whereas in the case under consideration the reopening was denied.

■ The Commission is not permitted to substitute its judgment for the uncontroverted medical evidence. Garcia v. Industrial Commission of Arizona, 20 Ariz. App. 243, 511 P.2d 687 (1973); Hurley v. Industrial Commission of Arizona, 20 Ariz.App. 227, 511 P.2d 671 (1973); Theoharidi v. Industrial Commission of Arizona, 8 Ariz.App. 364, 446 P.2d 470 (1968).

■ The aggravation of a preexisting industrially related injury merits a reopening. Lockhart v. Industrial Commission of Arizona, 15 Ariz.App. 209, 487 P.2d 430 (1971). The fact that Dr. Hartman could not apportion the responsibility of each of the four incidents, one of which was non-industrial, does not deprive the claimant of his right to an award supported by the uncontroverted medical evidence. Even if it be that there was a residual aggravation following the non-industrial incident of July 1970, United Parcel continued the claimant in its employ accepting the claimant in his then condition. As noted above, there then followed two industrially related back episodes.

■ The Constitution places the responsibility of compensating an injured workman upon the employer, in this case United Parcel. United Parcel has utilized the services of two carriers. How this respon-

sibility is divided between the carriers is not for our present decision. One or both of the carriers should protect United Parcel and in that manner benefit the claimant.

In view of the uncontroverted medical testimony that on 30 March 1972 the claimant permanently aggravated his prior industrially related low back condition, the award which denied both petitions to reopen must be set aside. To hold otherwise would permit two carriers, who may have a valid contest between themselves as to which one is responsible for the discharge of the employer's responsibility, to defeat the valid claim of an injured workman.

The awards denying each of the petitions to reopen are set aside.

NELSON, P. J., and WREN, J., concur.